Jones, J.
Whether the defendant has misused its franchise or privilege conferred by the resolution of the board of county commissioners and whether it should be ousted therefrom depend upon the construction of the grant adopted by the board of county commissioners and accepted by the traction company. The plaintiff seeks a judgment of ouster for the reason that under the terms of the resolution the *250 defendant failed to begin the work of construction and the removal of its present tracks on or before the first day of July, 1920, and failed to pay the second installment of $25,000 due on July 1, 1921.
In the construction of this contract the plaintiff invokes the well-established rule that grants of this character should be strictly construed in favor of the public and against the grantee. However, this is subject to another rule that forfeitures are regarded as odious. "Where privileges or franchises have once attached, and where there has been no abandonment thereof, a forfeiture of a contractual grant should not be decreed unless the terms of the grant fairly evince that the parties thereto contemplate a forfeiture of the grant for noncomplianeo with its terms.
Paragraph five of the resolution provided that construction and removal of the present track should be commenced on or before July 1, 1920. This was not made a condition precedent. The clause does not stipulate even by implication that the grant should be void if work were not so commenced; and in view of the provision that the double track should be completed on or before July 1, 1922, unless the time should be extended by the board, discloses that the time provision was a condition subsequent. However, it is insisted that the rights of the defendant became null and void and its privileges and franchises forfeited because of the nonpayment of the second installment of $25,000 due July 1,1921. Here again the plaintiff invokes the rule that contracts of this character must be construed in favor of the board. It was no doubt the purpose of the board of commissioners to secure the commencement of the *251 removal of the tracks by July 1, 1920, in order to permit the board to contract for the improvement of the highway. The resolution provided that the $75,000 it was to obtain from the traction company was to be kept as a fund which was to be applied by the board on the cost of this improvement.
In Pomeroy’s discussion of “penalties and forfeitures” it is said: “The general doctrine was finally settled that, wherever a penalty or forfeiture is inserted merely to secure the payment of money, or the performance of some act, or the enjoyment of some right or benefit, equity regards such payment, performance, or enjoyment as the real and principal intent of the instrument, and the penalty or forfeiture as merely an accessory, and will therefore relieve the debtor partly [party] from such penalty or forfeiture, whenever the actual damages sustained by the creditor party can be adequately compensated.” 1 Pomeroy’s Equity Jurisprudence (4ed.), Section 381.
> By paragraph 17 of the resolution it is provided that the franchise became effective on December 1, 1919, if the traction company should have filed its written acceptance thereof prior to that date. The rights and privileges of the traction company attached at that time. An inspection of paragraph 12 of the resolution discloses that these rights and privileges were to continue until the date the third installment was payable July 1, 1922, and if upon that date the three installments, totaling $75,000, had been paid, the franchise was to continue until December 1, 1944. The conclusion of that paragraph emphasizes the construction that payment of the three installments was not regarded as a condi *252 tion precedent to the vesting of the franchise. The language of the grant is: “And if said Company fails to pay the several installments of said Seventy-five Thousand Dollars ($70,000) and interest as above provided, then said Company shall be deemed to have no rights, privileges or franchise vested in it hereunder after said third installment is due; but all its rights hereunder shall then be deemed to be terminated.”
The entire paragraph conclusively shows that the termination of the franchise was made to depend upon the payment of the three installments by July 1, 1922, and if fully paid by that time that “said rights, privileges and franchise shall continue until December 1st, 1944.” If the traction company has failed to pay its second installment under the terms of the grant a right of action may arise for the amount due, but an action in quo warranto will not lie for the failure to pay it on July 1,1921.
It is alleged in the petition that the defendant cannot complete its removal by July 1, 1922, but this is an unwarranted conclusion in view of the fact that the defendant still has several months in order to comply with the terms of its accepted franchise. The demurrer of the defendant is sustained and the petition dismissed.

Demurrer sustained.

Johnson, Robinson and Matthias, JJ., concur.
Marshall, C. J., Hough and Wanamaker, JJ., concur in the judgment.